UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

**UNITED STATES OF AMERICA,**

v.  6:13-cr-12

**STEVE LAVON BIGGINS,**

**Defendant.**

## ORDER

Before the Court is Defendant's Motion in Limine. ECF No. 34. Defendant seeks to preclude any government witnesses from referencing a cell phone data extraction report, file dump, and the contents of both (1) "prior to a ruling by the Court on whether authentication requirements have been satisfied;" and (2) "prior to a ruling of the Court as to whether the Government has met Confrontation Clause requirements in presenting these items of evidence." *Id.* at 2-3.

Federal Rule of Evidence 901(a) indeed requires that the proponent of a piece of evidence introduce evidence "sufficient to support a finding that the item is what the proponent claims it is." Should the Government attempt to admit a cell phone data report and a file dump, it will have to show the items are what they say they are, which the Court cannot imagine taking much. And as the Government correctly notes, Rule 901 does not preclude such foundational questions. *See* ECF No. 35 at 1. Beyond that, the Court cannot go further at this time. Defendant, however, may of course raise this issue again at trial if he objects to the authenticity of a document or other item of evidence.

Defendant also makes a vague request that the Court bar Government witnesses from referencing the data report and file dump prior to a Confrontation Clause ruling. ECF No. 34 at 2. But Defendant offers nothing more than the request for relief and several paragraphs explaining basic Confrontation Clause law to support his motion. Without more, the Court cannot grant anything. Once trial begins and if circumstances give rise to a possible confrontation-based objection, Defendant may re-raise this issue. For now, however, the Court ***DENIES*** Defendant's motion.

This 5 day of December 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA